· GENERAL MOTORS ACCEPTANCE COR-
PORATION, Appellant,

v.

Horace CURRY, Appellee.

Court of Appeals of Kentucky.

Sept. 30, 1960.

Shuffett & Butler, Greensburg, Faulkner
& Bertram, Campbellsville, for appellant.

Clyde Williams, Jr., Abel Harding, Camp-
bellsville, for appellee.

STEWART, Judge.

This is a motion for an appeal from a
judgment entered on a jury verdict of $593.-
76 against appellee, Horace Curry, in be-
half of appellant, General Motors Accept-
ance Corporation, hereinafter referred to as
"G. M. A. C."

Appellant argues that the verdict is
against the evidence; that it had the right
to repossess the motor vehicle involved
herein peaceably, or, if unable to do so, it
could nevertheless obtain an order of de-
livery for it under the conditional sales con-
tract held by it; and that appellee failed
to prove he was damaged by the claim and
delivery proceeding resorted to, with the
result that the second instruction to the
jury should not have been given.

No brief has been filed by appellee and,
as allowed by R.C.A. 1.260(c), we have
elected to accept the statement of facts
and the issues set forth in appellant's brief
as correct. Also, the court reporter lost
her notes taken down at the trial, so that
there is no transcript of evidence, but only
a narrative account of appellant's proof,
prepared by its attorney and approved by
the trial judge.

On May 10, 1957, appellee, Horace Curry,
bought a 1954 Oldsmobile automobile from
Boden Motor Company at Glasgow. He
made a down payment of $545, leaving still
due a total of $1,577.52, which sum in-
cluded the insurance costs and finance
charges. He signed a conditional sales
contract agreeing to pay that amount in
24 monthly installments, beginning June
18, 1957. This contract, made to Boden
Motor Company, for a valid consideration
was immediately transferred to appellant.
A pertinent cause of the contract provided
that, if appellee defaulted in any monthly
payment, the holder (appellant) could de-
clare the unmatured debt immediately due
and payable; and, further, that in such

event appellant or any law officer could take possession of the car without demand or notice, and it could be sold under certain conditions for the satisfaction of the unpaid balance.

Appellee failed to meet his installment that became due on June 18, 1958. After first demanding payment or possession of the automobile, both of which were refused, appellant on July 26, 1958, sued for the possession of the car and also asked $500 damages for the unlawful detention of it. Upon executing bond appellant caused an order for the delivery of the car to issue, under which the sheriff seized it from appellee and delivered it to appellant. On the same day appellee filed an answer and counterclaim, denying appellant's allegations and claiming $1,500 compensatory damages and $5,000 punitive damages for the alleged unlawful taking of the car in the manner mentioned. A reply of appellant's controverted the affirmative matter in appellee's counterclaim.

On August 12, 1958, the court set aside the order for the delivery of the car because a certain statutory provision had not been complied with. The car, according to appellee's affidavit, was then restored to him. Appellant thereafter filed an amended complaint asking for recovery of the total amount due under the contract of $841.69, for an immediate order for the delivery of the car, and also for $500 as damages for the wrongful detention of it.

On August 22, 1958, appellee answered the amended complaint, averring the sales contract had been obtained by fraud, deceit, misrepresentation and chicanery; and, furthermore, that it was signed in blank and later filled in but not in accordance with appellee's agreement with Boden Motor Company. Appellee also pleaded he was released from the contract by the execution and delivery by Boden Motor Company to appellee of a bill of sale for the car.

On August 29, 1958, a second order for the delivery of the car was awarded by the lower court and executed by the sheriff. On September 18, 1958, appellee filed an amended answer and counterclaim, charging appellant had unlawfully taken possession of the car and asking for damages of $1,100. On September 20, 1958, appellee made a forthcoming bond and the lower court ordered the car returned to him.

On January 16, 1959, a trial was held. The jury returned a verdict for appellee of "$200.00 as compensation for the loss of the use of his automobile and also an additional sum of $393.76 as punitive damage." It found for appellant "the sum of $593.76 representing the balance due on the conditional sales contract." Judgment was entered for appellant for the last-mentioned amount.

■ It is our view the verdict of the jury in this case is contrary to the evidence. Appellant's proof, as outlined in narrative form, reveals that appellee unquestionably owed $841.69 on the car, the balance due. All the witnesses who testified in its favor established beyond peradventure the correctness of this figure. Appellee admitted in a deposition taken for the purpose of discovery that he owed 12 payments of $65.73, totalling $788.76, and that he did not know whether he owed a part payment of $52.93 or not. Therefore, the jury's finding of $593.76 as the amount owed appellant can only stand unless appellee may recover the damages awarded him because appellant caused him to lose possession of the car in the manner described. It was also shown without contradiction that the contract was fully prepared and filled out at the time appellee executed it.

This question then arises: Was appellee wrongfully deprived of the use of his car under such circumstances that damages would lie therefor? The answer is no. The conditional sales contract stipulates in effect that, upon default of any of its conditions, and the default here was a failure to meet a matured payment, the holder (appellant) may elect to declare the unpaid balance immediately due and payable.

This language also appears in that connection: "Further in any such event, seller (holder of the contract) or any sheriff or other officer of the law may take immediate possession of said property without demand, including any equipment or accessories added thereto; and for this purpose seller (holder of the contract) may enter upon the premises where said property may be and remove same."

When appellant resorted to a claim and delivery proceeding which resulted in the sheriff's taking the car from appellee and bestowing its possession upon appellant, this type of procedure was sanctioned by the agreement appellee executed. It is unimportant that the first order for the delivery of the car was set aside for noncompliance with a statute, or that the second was superseded by the execution of a forthcoming bond. The vital point is that appellant, upon the breach of its contract, which is not denied here, was entitled to the immediate possession of the car, and it could either take the vehicle itself peaceably or have the sheriff seize it in the manner carried out, or attempted to be carried out, in this case. Once the sheriff had taken the car from appellee it should have been left either with appellant to be disposed of in accordance with the contract, or else left in the custody of the court to be ordered sold for the satisfaction of appellant's debt. Appellee agreed that if he defaulted in his payments the car might be promptly seized under an order for its delivery to appellant, and he is now precluded from asserting damages when appellant undertook to get possession of the car.

In view of what has been stated, it is our opinion that convincing evidence was introduced by appellant to show that appellee was indebted to it in the sum of $841.69, and we further conclude the acts relied upon by appellee as constituting damages were acts that could be resorted to by appellant under the contract. We should add that appellant abandoned its claim for damages for the detention of the car. It follows that the lower court should have granted appellant's motion for a peremptory in its favor at the end of the trial. Since such was not done, its motion for judgment notwithstanding the verdict should have been sustained after the jury determined this case. The conclusion we have reached obviates the necessity of passing on the instruction complained of.

Wherefore, the motion for an appeal is granted and the judgment is reversed with directions that a new one be entered awarding appellant judgment for $841.69.